Deck and others, Appellants, vs. Deck and another, Respondents.

*March 22 — April 6, 1900.*

*Wills: Undue influence: Revocation.*

1. The fact that a testator seventy-five years old, of sound and disposing mind, consulted with his wife, then in her last illness, and was influenced by her in the making of his will, which practically disinherited some of their children, is not a sufficient reason for setting aside the will, especially where the testator lived and retained his testamentary capacity for more than three years after his wife's death but did not change his will.

2. Sec. 2290, Stats. 1898, points out the only way in which a will may be revoked: a desire expressed by the testator to make other disposition of his property or to change his will will not effect a revocation.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *Tullar & Lockney,* and for the respondents on that of *T. C. Martin.*

CASSODAY, C. J. This is an appeal from the judgment of the circuit court admitting to probate what purported to be the last will and testament of Henry Deck, deceased. It appears and is undisputed or found by the court and jury or

the court, as matters of fact, in effect, that the will in question was executed in the presence of two subscribing witnesses, as required by the statutes, February 16, 1894; that the testator died at his home in the town of Ottawa, in Waukesha county, August 11, 1898; that at the time of executing the will he was possessed of testamentary capacity, and was of sound and disposing mind and memory, and knew the contents and purport of the will; that such will was his own voluntary act and deed, and was not the result or product of undue influence. As conclusions of law the court found, in effect, that the proponents were entitled to judgment admitting the will to probate, and gave certain directions as to costs, disbursements, and attorneys' fees, and that the record be remitted to the county court for further proceedings, and ordered judgment to be entered accordingly. From the judgment so entered, and affirming in all things the judgment of the county court, three of the nine children of the testator, to wit, *Julian J., Lewis,* and *Philip,* bring this appeal.

It is undisputed that at the time of making the will the testator was seventy-five years of age; that his wife was then sick in bed, and died three days afterwards; that he and she consulted together as to the terms of the will while it was being drawn; that upon the death of the testator he left an estate of the value of $11,600; that he left, him surviving, nine children, to whom, by the terms of the will, he distributed his property and estate as follows: To Elizabeth, $2,500; to *Julia,* $2,900; to *George F.,* $2,000; to Edmund M., $1,000; to Margaret, $1,000; to Henry, $5; to *Lewis,* $100; to *Julian,* $5; to *Philip,* $5. All the rest, residue, and remainder of his estate, both real and personal, he, by the terms of the will, gave, devised, and bequeathed to his son *George F.,* and to his daughters *Julia* and Elizabeth, and he appointed such residuary devisees and legatees, and the survivors of them, executors of his will.

It appears that *George F.* was about thirty-nine years of age when his father died. He had remained at home nearly all his life, assisting his father. *Julia* was fifty years of age, and had never been married, but remained at home all her life, working for her father and mother. *Elizabeth* was married, and had three children, and resided some five miles distant from the testator. She qualified as executrix, but died about three and a half months after the death of her father. Henry lived about a mile from his father's place. All the other children lived at a considerable distance from their father,— some in distant states. All were on friendly relations with their parents, and all were perhaps friendly with each other, except it is claimed that *George F.* and *Julia* were not on friendly terms with Henry and *Philip*, and that such unfriendliness dated back many years prior to the execution of the will, and grew out of some business transaction. It is conceded that up to the time of his death the testator had sufficient mental capacity to make a valid will.

The principal objection to the validity of the will seems to be that the testator's wife, who was in her last sickness when the will was drawn, and who died three days afterwards, had a controlling influence in making the will, and in fact dictated the terms of the will. But with whom should he consult, and by whom should he be influenced, under such circumstances, if not by his wife, the mother of all his children? Presumptively, she was controlled by motives of natural affection and propriety, as well as himself. This court held, many years ago, that "motives of natural affection and gratitude on the part of the testator, and solicitations or arguments which appeal to such motives, do not constitute undue influence." *In re Jackman's Will*, 26 Wis. 104. In that case it was further held that: "Undue influence in such a case is such an influence that the instrument is not properly an expression of the will of the testator in

Deck and others vs. Deck and another.

regard to the disposition of his property, but rather an expression of the will of another person." To the same effect are *Layman v. Conrey*, 60 Md. 286; *Matter of Mabie*, 5 Misc. (N. Y.), 185; *Stulz v. Schœffle*, 18 Eng. Law & Eq. 576. In this last case the testator, whose capacity was weakened to a certain extent by disease, was induced by the influence of his wife to alter his previous will, so as to be more favorable to her; but it was held that such influence was not undue, and further held that "importunity, to have legal effect, must be in such a degree as to take away free agency from the testator." In the case at bar the wife's influence, if exerted at all, was in favor of certain of her children, and in a way, apparently, to meet the approbation of the testator. Their reasons for making the will as they did were best known to themselves. That *Julia* and *George* should have more than the others was manifestly just. The testator, being of sound and disposing mind and memory, and under no undue restraint, had a perfect right to dispose of his property as he saw fit, and without consulting his children. If any provision of the will was inserted out of deference to the wish of his wife, and on reflection it did not meet with his best judgment, he had three years and a half after her death to change it; and the fact that he made no change is the best evidence that he did not desire to make any change. *Cutler v. Cutler*, 103 Wis. 258.

It is contended that the testator desired to make other disposition of his property, and that some time prior to his death he expressed a desire to change his will. But the statute clearly points out the only ways in which a will may be revoked. Sec. 2290, Stats. 1898; *Ladd's Will*, 60 Wis. 187; *Valentine's Will*, 93 Wis. 45. The evidence entirely fails to make a case within the statute, or to furnish any substantial reason for setting aside the will.

*By the Court.*— The judgment of the circuit court is affirmed.